IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAURENCE MAURIN,

      Plaintiff,

v.                                                                              No. 1:25-cv-00362-SCY[1]

IMS PRACTICE MANAGEMENT GROUP, LLC,
MEDICAL SPECIALTY ASSOCIATES, LLC,
MARK SEREDOWYCH, MD PC, and
MARK SEREDOWYCH,

      Defendants.

**ORDER TO SHOW CAUSE AND**
**ORDER REGARDING PENDING MOTIONS**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed April 14, 2025, and a series of motions filed by Plaintiff: (1) Plaintiff's Motion for Appointment of Counsel, Doc. 2, filed April 14, 2025; (2) Plaintiff's Motion for Leave to Seal the Document, Doc. 3, filed April 14, 2025; and (3) Plaintiff's Motion for Leave to Exceed Page Limit, Doc. 6, filed April 17, 2025.

**Order to Show Cause**

Plaintiff, who is now divorced from Defendant Mark Seredowych, alleges, among other things, that Defendants embezzled funds belonging to Plaintiff through accounting fraud. *See*

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. Doc. 4. Plaintiff has paid the filing fee. Doc. 5. As such, the undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 F. App'x 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

Complaint at 3. Plaintiff filed her Complaint in state court citing federal question jurisdiction. Complaint at 6.

The Court has identified the following deficiencies in the Complaint and orders Plaintiff to amend her complaint or to show cause why she believes the current Complaint is sufficient. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

First, Plaintiff titled her Complaint "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," but the Complaint fails to state a claim pursuant to § 1983.[2] "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations showing that Defendants deprived Plaintiff of a federally protected right. Additionally, although the Complaint contains conclusory allegations that Defendants were "acting under color of state law," it does not contain supporting factual allegations supporting. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. Conclusory allegations are not entitled to the

---

[2] The Court notifies Plaintiff that if it dismisses Plaintiff's federal law claims, then the Court may dismiss Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

assumption of truth. In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim.") (citations omitted).

Relatedly, although Plaintiff specifically invokes federal question jurisdiction, she also alleges that "[d]ifferent states and different countries with an amount in conflict of three million dollars make this complaint a Federal Matter." Complaint at 6, 7. To the extent Plaintiff is attempting to invoke diversity jurisdiction (should her Complaint fail to state a federal question to support jurisdiction), the Court notifies Plaintiff that it likely does not have diversity jurisdiction over her claims. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006); *see also* 28 U.S.C. 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different states"). "When jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332(a) . . . each plaintiff must be diverse from each defendant to have what is known as complete diversity." *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011).

Here, the Complaint states Plaintiff "is a citizen of New Mexico"[3]; Defendants IMS Practice Management Group, LLC, Medical Specialty Associates, LLC and Mark Seredowych MD PC are incorporated in New Mexico; and Defendant Mark Seredowych has lived in New

---

[3] Plaintiff also states that she "fled to a different state during the divorce case," and that she is "a citizen with a double nationality French/American." Complaint at 7. "Federal jurisdiction is determined based on the facts as they existed at the time the complaint was filed." *Ravenswood Investment Co., L.P. v. Avalon Correctional Services*, 651 F.3d 1219, 1223 (10th Cir. 2011). The Complaint states Plaintiff is a citizen of New Mexico and presently resides in New Mexico. *See* Complaint at 1.

Mexico for the past 24 years. Complaint at 1-2 (emphasis removed). As such, it appears that complete diversity does not exist.

Second, Plaintiff's Complaint is deficient because it appears that the Court may not have jurisdiction over this matter pursuant to the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine. Plaintiff indicated she has begun other lawsuits in state court dealing with the same facts involved in this action. *See* Complaint at 31-33. The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted).

On the other hand, the *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, Rooker-Feldman deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 F. App'x 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred

from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994))).

Given these deficiencies, the Court orders Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim, or as barred by the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine. If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint. The amended complaint must describe the relief Plaintiff seeks. *See* Complaint at 34 (stating "I believe that I am entitled to relief but I would like to let my attorney advise me on what to ask"). The amended complaint must also comply with the Federal and Local Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

Lastly, Plaintiff filed a Motion for Leave to Exceed Page Limit, seeking leave of the Court to "accept[] additional documents pertaining to my complaint." Doc. 6. Because the Court orders Plaintiff to amend her Complaint, it denies this motion as moot. If Plaintiff files an amended complaint, she may attach documents as necessary to plead her claims, keeping in mind that all a complaint requires is a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## Order Denying Motion for Appointment of Counsel

Plaintiff states two reasons for requesting appointment of counsel: (i) she has a mental disability under the Americans with Disabilities Act which causes her to lose attention/ understanding while reading, and has an inability to type adequately, file, organize and take notes; and (ii) her status as the wife of a doctor, who has been in practice for 25 years and has over 9,000 patients in Santa Fe, because doctors, "in the eyes of this small community [have] the

same level of trust [as] a religious leader or a judge." Doc. 2 at 1-2; see also Doc. 7 (Plaintiff's supplement to the Motion to Appoint Counsel, containing letters from a psychiatrist regarding Plaintiff's diagnosis).

The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "request an attorney to represent a litigant who is proceeding in forma pauperis," Plaintiff, who is not proceeding *in forma pauperis*, has not cited any authority which would allow the Court to appoint counsel in this case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006); *cf.* Doc. 2 at 1 (stating Plaintiff is not asking for the taxpayers to pay for her attorney because she receives $9,000 per month in alimony and is able to cover her lawyer's cost).

Rule 17 of the Federal Rules of Civil Procedure requires that the Court appoint counsel or issue an appropriate order to protect an incompetent person who is unrepresented in an action. "[C]ourts interpret the term 'incompetent person' in Rule 17(c) to refer to a person without the capacity to litigate under the law of his state of domicile . . . ." *Graham v. Teller County, Colo.*, 632 F. App'x 461, 465 (10th Cir. 2015) (internal quotation marks omitted). Under New Mexico law, "[t]he test of mental capacity is whether a person is capable of understanding in a reasonable manner, the nature and effect of the act in which the person is engaged." *In re Estate of Head*, 1980-NMCA-096, ¶ 15, 615 P.2d 271. Plaintiff does not make any showing that she is not capable of understanding the acts in which she is engaged.

The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, states "many local bar associations have lawyer referral services" and lists some of the lawyer referral services in New Mexico.

**Order Denying Motion to Seal Documents**

Plaintiff asks the court to allow her "to seal information from the general public" because:

> The subject being the name of people who's [sic] profession is "public sensitive". Because their life/ career can be affected by the disclosure of just the possibility of alleged wrong doing. It is wise to wait until investigation, if judged necessary, is completed before their name is made public.

Motion to Seal at 1.

There is a longstanding common-law right of public access to judicial records. *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). The party seeking to seal a judicial record must show "some significant interest that outweighs" the public interest in access to the records. *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). This burden is "heavy," and sealing is appropriate only when the interest in confidentiality is "real and substantial." *Id*. "Vague and conclusory statements" do not meet this heavy burden to demonstrate a real and substantial interest that outweighs the public interest in accessing the documents. *Elevate Federal Credit Union v. Elevations Credit Union*, 67 F.4th 1058, 1085 (10th Cir. 2023).

The Court denies Plaintiff's Motion to Seal. Plaintiff's vague, conclusory, and speculative statement that the allegations in her Complaint and other documents may affect Defendants' interests does not justify depriving the public of access to the documents in this case upon which the Court will base its decisions.

**Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

### Compliance with Rule 11

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

    **IT IS ORDERED** that:

    (i)    Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case pursuant to the *Younger* abstention doctrine and/or

        the *Rooker-Feldman* doctrine; and (b) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

(ii)      Plaintiff's Motion for Appointment of Counsel, Doc. 2, filed April 14, 2025, is **DENIED.**

(iii)     Plaintiff's Motion for Leave to Seal the Document, Doc. 3, filed April 14, 2025, is **DENIED.**

(iv)     Plaintiff's Motion for Leave to Exceed Page Limits, Doc. 6, filed April 17, 2025 is **DENIED AS MOOT.**

_____
**UNITED STATES MAGISTRATE JUDGE**