IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAURENCE MAURIN,

    Plaintiff,

v.                                                        No. 1:25-cv-00362-SMD-SCY

IMS PRACTICE MANAGEMENT GROUP, LLC,
MEDICAL SPECIALTY ASSOCIATES, LLC,
MARK SEREDOWYCH, MD PC, and
MARK SEREDOWYCH,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiff, who is now divorced from Defendant Mark Seredowych, alleges, among other things, that Defendants embezzled funds belonging to Plaintiff through accounting frauds. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 3, Doc. 1, filed April 14, 2025 ("Complaint").

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff of some deficiencies in the Complaint:

> First, Plaintiff titled her Complaint "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," but the Complaint fails to state a claim pursuant to § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations showing that Defendants deprived Plaintiff of a federally protected right. Additionally, although the Complaint contains conclusory allegations that Defendants were "acting under color of state law," it does not contain supporting factual allegations . . . [explaining allegations necessary to state a Section 1983 claim].
>
> Relatedly, although Plaintiff specifically invokes federal question jurisdiction, she also alleges that "[d]ifferent states and different countries with an amount in conflict of three million dollars make this complaint a Federal Matter." Complaint at 6, 7. To the extent Plaintiff is attempting to invoke diversity jurisdiction (should her Complaint fail to state a federal question to support jurisdiction), the Court

> notifies Plaintiff that it likely does not have diversity jurisdiction over her claims. To invoke diversity jurisdiction, "a party must show . . . [explaining the legal standard for diversity jurisdiction].
>
> Here, the Complaint states Plaintiff "is a citizen of New Mexico"3; Defendants IMS Practice Management Group, LLC, Medical Specialty Associates, LLC and Mark Seredowych MD PC are incorporated in New Mexico; and Defendant Mark Seredowych has lived in New Mexico for the past 24 years. Complaint at 1-2 (emphasis removed). As such, it appears that complete diversity does not exist.
>
> Second, Plaintiff's Complaint is deficient because it appears that the Court may not have jurisdiction over this matter pursuant to the *Younger* abstention doctrine and/or the *Rooker- Feldman* doctrine. Plaintiff indicated she has begun other lawsuits in state court dealing with the same facts involved in this action. *See* Complaint at 31-33. . . [explaining the *Younger* abstention doctrine and the *Rooker-Feldman* doctrine].

Order to Show Cause at 2-5, Doc. 8, filed April 21, 2025. Judge Yarbrough ordered Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim, or as barred by the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine, and to file an amended complaint. *See* Order to Show Cause at 5, 8-9 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case). Plaintiff did not show cause, file an amended complaint or otherwise respond to Judge Yarbrough's Order to Show Cause by the May 12, 2025, deadline.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

The Court concludes it does not have jurisdiction over this case because it appears this case is jurisdictionally barred by *Younger* and/or *Rooker-Feldman* and Plaintiff failed to timely show that this case is not jurisdictionally barred by *Younger* and/or *Rooker-Feldman*.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**